IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **ISRAEL GARCIA AND** § | | |
| **IRENE GARCIA** § | | |
| **Plaintiffs** § | | |
| § | | |
| **v.** § | **CIVIL ACTION NO. _____** | |
| § | **JURY DEMANDED** | |
| **WELLINGTON RISK** § | | |
| **INSURANCE AGENCY, INC.** § | | |
| **Defendant** § | | |

### INTERVENOR PILLAR INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant/Intervenor Pillar Insurance Company in Cause No. C-2555-15-E pending in the 93rd Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1     On or about June 19, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Israel Garcia and Irene Garcia v. Wellington Risk Insurance Agency, Inc.*, Cause No. C-2555-15-E, in the 275th Judicial District Court, Hidalgo County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy.  Defendant Wellington Risk Insurance Agency, Inc., however, did not issue the Plaintiffs' policy and has no relationship to Plaintiffs' claims.  Rather, Pillar Insurance

1

Company, a foreign entity with its principal place of business in Florida, issued Plaintiffs' policy.

1.2     Plaintiffs served Defendant Wellington Risk Insurance Agency, Inc., with their Original Petition and process on June 24, 2015.

1.3     Defendant Wellington Risk Insurance Agency, Inc., filed a Verified Denial on July 20, 2015, stating that it did not issue Plaintiffs' homeowner's insurance policy.

1.4     Contemporaneous with this Notice, Pillar Insurance Company filed an intervention in Cause No. C-2555-15-E, in the 275th Judicial District Court, Hidalgo County, Texas, on the basis that it, and not Wellington Risk Insurance Agency, Inc., issued Plaintiffs' homeowner's insurance policy.

1.5     Simultaneously with filing of this Notice of Removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel. Attached hereto as Exhibit "D" is Defendant Wellington Risk Insurance Agency, Inc.'s Consent to Removal. Attached hereto as Exhibit "E" is a copy of the Declarations Page from Plaintiffs' insurance policy, issued by Pillar Insurance Company. Attached hereto as Exhibit "E-1" is the verification of the Declarations page.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2     Plaintiffs are, and were at the time the lawsuit was filed, residents of the State of Texas. *See* Plaintiffs' Original Petition, at 1.

2.3 Defendant/Intervenor Pillar Insurance Company ("Pillar") is incorporated, and has its principal place of business in Florida. Accordingly, Pillar is a citizen of the State of Florida.

2.4 Defendant Wellington Risk Insurance Agency, Inc. ("Wellington"), although not a proper party to this lawsuit, is a citizen of the State of Texas.

### A. Defendant Wellington Risk Insurance Agency, Inc., Has Been Improperly and/or Fraudulently Joined in this Lawsuit.

2.5 With respect to the claims against Defendant Wellington, it is Pillar's position that Defendant Wellington has been fraudulently and/or improperly joined in this action.

2.6 Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Central R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2004). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim, or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at * 1 (S.D. Tex. Oct. 27, 2009).

2.7     Here, there is no possibility of recovery by Plaintiffs against Wellington. All of Plaintiffs' claims depend on Wellington having issued Plaintiffs' homeowner's policy. *See* Plaintiffs' Original Petition, pp. 2-6, ¶¶ 9-27.  Because Wellington did not issue their policy and did not participate in the handling of Plaintiffs' claim, Plaintiffs have no possibility of recovery against Wellington as a matter of law.  *See* Exhibit B, Wellington's Verified Denial; Exhibit E-1, Plaintiffs' Policy Declarations page; *Goode v. Nationwide Mutual Ins. Co.*, No. 3:96-CV-2631-D, 1997 WL 75237, at *1-3 (N.D. Tex. Feb. 13, 1997) (dismissing a case after the plaintiff named the wrong insurance company).

2.8     Plaintiffs' claims include negligence, negligent hiring, negligent misrepresentation, breach of contract, unfair settlement practices under Chapter 541 of the Texas Insurance Code, and violations of the DTPA.  *See* Plaintiffs' Original Petition, pp. 2-6, ¶¶ 9-27. Each of these claims is premised on the allegation that Defendant Wellington was Plaintiffs' insurer and issued their homeowner's policy.  Because Wellington did not issue their policy, had no involvement in their claim, and has no relationship whatsoever with Plaintiffs, there is no possibility of recovery by Plaintiffs against Defendant Wellington.  *See* Exhibit B, Wellington's Verified Denial.

2.9     Further, Plaintiffs failed to offer any specific facts in support of their claims against Defendant Wellington and therefore fail to make the required "factual fit between his allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).  Plaintiffs' claims are nothing more than bare-bone form allegations devoid of any substantive facts.  For example, Plaintiffs' misrepresentation claim alleges that: "Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant

4

has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiffs in the transactions described hereinabove." Plaintiffs' Original Petition, pp. 3-4, ¶ 17. But, Plaintiffs do not describe what specific exclusion was misrepresented, or who specifically made the alleged misrepresentation. *See id.*; *see also* pp. 2, ¶ 12 (reciting statutory allegations under Chapter 541 of the Texas Insurance Code without factual specificity).

      2.10    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiffs' failure to mention any actionable facts related to the conduct of Defendant Wellington constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g. Lakewood Chiropractic Clinic,* 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-CV-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex v. GuideOne Mut. Ins. Co.,* No. 1:08-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a

manner giving rise to the asserted claims"); *Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent). Accordingly, Defendant Wellington has been improperly joined in this lawsuit.

2.11    Because Pillar, a foreign entity, is the only proper defendant in this action, there is complete diversity. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.12    The amount in controversy is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. §1332; *see also White v. FCI USA*, 319 F. 3d 672, 674 (5th Cir. 2003).

2.13    According to Plaintiffs' Original Petition, they claim damages between $200,000 and $1,000,000. *See* Plaintiffs' Original Petition, p. 2, ¶ 6. Thus, Plaintiffs are seeking damages in excess of the jurisdictional minimum of $75,000. *See Hunting v. BASF Corp.,* No. 4:08-CV-03651, 2009 WL 7799499 at * 2 (S.D. Tex. Mar. 30, 2009).

### III. THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Wellington was first served with Plaintiffs' Original Petition and process on June 24, 2015. Pillar filed its intervention contemporaneous with this Notice of Removal. This case was not removable until Pillar appeared as a foreign party. Intervenor Pillar Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Defendant Wellington has consented to removal.  *See* Exhibit "D". Regardless, consent is not required because Defendant Wellington has been fraudulently joined solely to defeat diversity jurisdiction. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. § 1446(d), promptly after Pillar Insurance Company files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Pillar Insurance Company files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant/Intervenor Pillar Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:    /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT WELLINGTON RISK INSURANCE AGENCY, INC., AND INTERVENOR PILLAR INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No. 578825
cgarza@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361)654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on October 26, 2015, a copy of Defendant/Intervenor Pillar Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs Israel and Irene Garcia:

*Attorneys for Plaintiffs*
Rodolfo Canche, Jr.
Law Office of Rodolfo Canche, Jr.
State Bar No. 24040635
320 Lindberg Avenue
McAllen, Texas 78501
Telephone: (956) 377-0187
Fax: (956) 750-7060
rudycanche@canchelaw.com
**VICA CERTIFIED MAIL, RRR #7012 2920 0001 5084 7732**

                                                       /s/ Thomas F. Nye