Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-2555-15-E**

| | | |
|---|---|---|
| ISRAEL GARCIA AND IRENE GARCIA | § | IN THE DISTRICT COURT |
| Plaintiffs, | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WELLINGTON RISK INSURANCE | § | |
| AGENCY, INC | § | |
| Defendant. | § | OF HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ISRAEL GARCIA AND IRENE GARCIA, hereinafter called Plaintiffs, complaining of and about WELLINGTON RISK INSURANCE AGENCY, INC, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, ISRAEL GARCIA, is an Individual whose address is 913 N. 6th Avenue, Edinburg, Texas 78539.

3.    Plaintiff, IRENE GARCIA, is an Individual whose address is 913 N. 6th Avenue, Edinburg, Texas 78539.

4.    Defendant WELLINGTON RISK INSURANCE AGENCY, INC, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Paul R. Poston, at 6801 Calmont Avenue, Fort Worth, Texas 76116-4108, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### JURISDICTION AND VENUE

**EXHIBIT**
B

DATE 7.14.2015
A true copy, I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#9

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

5.     The subject matter in controversy is within the jurisdictional limits of this court.

6.     Plaintiffs seek:

   a.     monetary relief over $200,000 but not more than $1,000,000.

7.     This court has personal jurisdiction herein because Defendant is a Texas resident.

8.     Venue in HIDALGO County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.     On October 22, 2013, Plaintiffs experienced a covered event on your policy which caused damage to my Client's home.  Plaintiffs notified Wellington Insurance Company of the loss in compliance with the policy. Wellington Insurance Company sent an adjuster to inspect the loss. That adjuster found limited covered damages resulting in non-payment of the claim.

## DECEPTIVE TRADE PRACTICES

10.     Plaintiffs would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

11.     Unconscionable Action or Course of Action.  Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

12.     Unfair Claim Settlement Practices.  Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

   (a)     failing to attempt in good faith to effectuate a prompt, fair, and equitable

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(b)     failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

(c)     refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

12.     <u>Producing Cause</u>.   Plaintiffs would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

13.     <u>Reliance</u>. Plaintiffs would further show the acts, practices and/or omissions complained of under Chapter 541 of the Texas Insurance Code were relied upon by Plaintiffs to Plaintiff's detriment.

14.     <u>Written Notice Given</u>.   Plaintiffs has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated November 25, 2014, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

NEGLIGENCE

15.     In the course of the transactions between Plaintiffs and Defendant, Defendant owed Plaintiffs a duty to adjust and pay the claim properly.

16.     Plaintiffs would show that Defendant failed to exercise ordinary care in performing such duty.  The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duty constitute a proximate cause of the damages of Plaintiffs described more fully hereinbelow, for which Defendant is liable to Plaintiffs.

NEGLIGENT MISREPRESENTATION

17.     Plaintiffs would show that Defendant supplied false information in the course of said Defendant's business, profession or employment, or in the course of a transaction in which Defendant

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

has a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiffs in the transactions described hereinabove. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs aver that Plaintiffs suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiff's justifiable reliance on such information.

18.     Plaintiffs therefore asserts a cause of action for negligent misrepresentation against Defendant, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

### NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT

19.     Plaintiffs would show that Defendant WELLINGTON RISK INSURANCE AGENCY, INC owed a duty to clients and customers, including Plaintiffs, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of said Defendant's employees.

20.     Plaintiffs would further show that Defendant WELLINGTON RISK INSURANCE AGENCY, INC failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise said Defendant's personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiffs described hereinabove, which proximately caused the damages sustained by Plaintiffs herein, and for which Plaintiff hereby sues.

### BREACH OF CONTRACT

21.     Plaintiffs would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiffs described hereinbelow, and for which Plaintiffs hereby sue.

### ECONOMIC AND ACTUAL DAMAGES

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

22.     Plaintiffs sustained the following economic and actual damages as a result of the actions

and/or omissions of Defendant described hereinabove:

        (a)     Out-of-pocket expenses.

        (b)     Loss of use.

        (c)     Cost of replacement.

        (d)     Diminished or reduced market value.

        (e)     Costs of repairs.

        (f)     Remedial costs and/or costs of completion.

        (g)     Reasonable and necessary engineering or consulting fees.

        (h)     Reasonable expenses of temporary housing.

        (i)     Lost earnings.

### DAMAGES FOR MENTAL ANGUISH

23.     Plaintiffs would further show that the false, misleading and deceptive acts, practices

and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9)

of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity,

deception, or unfairness of such acts, practices, and/or omissions.

24.     As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of

mental pain and distress of such nature, duration and severity that would permit the recovery of

damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code,

and for which Plaintiffs hereby sues in an amount in excess of the minimum jurisdictional limits of this

Court.

### MULTIPLE DAMAGES

25.     As alleged hereinabove, Plaintiffs would show that the false, misleading and deceptive

acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26.     Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

27.     Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

### ATTORNEY'S FEES

28.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, ISRAEL GARCIA AND IRENE GARCIA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Electronically Filed
6/19/2015 11:41:52 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2555-15-E

Respectfully submitted,

LAW OFFICE OF RODOLFO CANCHÉ, JR.
320 Lindberg Avenue
McAllen, Texas 78501
Tel:     (956) 377-0187
Fax:     (956) 750-7060
Email:   rudycanche@canchelaw.com

_____

Rodolfo Canché, Jr.
State Bar No: 24040635
ATTORNEY FOR PLAINTIFFS, ISRAEL GARCIA AND
IRENE GARCIA

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY

Electronically Filed
6/24/2014 3:53:22 PM
Hidalgo County District Clerk
Reviewed By: <<Name>>

# LAURA HINOJOSA

Greetings:

Attached you will find the service requested.

May this serve to inform you that service has been issued.  Please proceed in attaching any file stamped documents needing to be served as stated on your issued service.

Please note, the link you are about to open is a "live link" notification. Please ensure you are printing the service which includes our clerk's signature and the State Seal.  If you are opening a document without the official certifications (signature and seal , please close the window until the document is processed accordingly. This may take a few minutes.

We appreciate the opportunity to assist you.  Please contact our office if you have any questions or require additional information.

Sincerely,

*Laura Hinojosa*

Laura Hinojosa
Hidalgo County District Clerk

| Nilda VanHook | Ricardo Contreras | Adriana "Audry" Garcia | Sabrina S. Guerra | Oneida Lamas | Stephanie Palacios | Aida Villarreal |
| CHIEF DEPUTY | CHIEF OF ADMINISTRATION & PUBLIC INFORMATION | ASSISTANT CHIEF DEPUTY | SENIOR ACCOUNTANT | DEPUTY DISTRICT CLERK SUPERVISOR | BUDGET & PROCUREMENT OFFICER | CHIEF OF APPEALS |

C-2555-15-E
### 275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

---

### CITATION

---

### THE STATE TEXAS

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**WELLINGTON RISK INSURANCE**
**Paul R Poston**
**6801 Calmont Avenue**
**Fort Worth TX  76116-4108**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 275th District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 19th day of June, 2015 and a copy of same accompanies this citation. The file number and style of said suit being, **C-2555-15-E, ISRAEL GARCIA AND IRENE GARCIA VS. WELLINGTON RISK INSURANCE**

Said Petition was filed in said court by Attorney : Rodolfo Canche Jr., 320 Lindberg Avenue McAllen, Texas 78501

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 24th day of June, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

*Patricia Ann. Molina*

**PATRICIA MOLINA DEPUTY CLERK**

DATE 7.14.2015
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____ Deputy#9

CERTIFIED MAIL 9214 8901 0661 5400 0060 7066 89

### CERTIFICATE OF RETURN
### UNDER RULES 103 T.R.C.P.

This is to certify that on this the 24th day of June, 2015 I, Patricia Molina, Deputy Clerk of the 275th District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-2555-15-E, ISRAEL GARCIA AND IRENE GARCIA VS. WELLINGTON RISK INSURANCE a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 24th day of June, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_____
**PATRICIA MOLINA, DEPUTY CLERK**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

WELLINGTON RISK INSURANCE
PAUL R POSTON 6801 CALMONT AVENUE
FORT WORTH TX  76116-4108

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **ISRAEL GARCIA AND** | § | |
| **IRENE GARCIA** | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | **JURY DEMANDED** |
| **WELLINGTON RISK** | § | |
| **INSURANCE AGENCY, INC.** | § | |
| **Defendant** | § | |

---

### VERIFICATION

---

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Mikell A. West, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Mikell A. West.  I am one of the Attorneys of Record for Defendant/Intervenor Pillar Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein.  Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Wellington Risk Insurance Agency, Inc.'s Original Answer filed with the Hidalgo County District Clerk in Cause No. C-2555-15-E on July 20, 2015.  Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant's Demand for Jury filed with the Hidalgo County District Clerk in Cause No. C-2555-15-E on July 20, 2015.  Attached

hereto as 'Exhibit 3' is a true and correct copy of Pillar Insurance Company's Original Petition in Intervention filed with the Hidalgo County District Clerk in Cause No. C-2555-15-E on October 26, 2015.  These factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

_____
Mikell A. West


SUBSCRIBED AND SWORN TO BEFORE ME by Mikell A. West on this the  of October, 2015 to certify which witness my hand and official seal.

NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

_____
Notary Public, in and for the
State of Texas

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

CAUSE NO. C-2555-15-E

| | | |
|---|---|---|
| ISRAEL GARCIA AND IRENE GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WELLINGTON RISK INSURANCE | § | |
| AGENCY, INC. | § | 275th JUDICIAL DISTRICT |

## DEFENDANT WELLINGTON RISK INSURANCE AGENCY, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WELLINGTON RISK INSURANCE AGENCY, INC., Defendant in the above-styled and numbered cause, and make and files this, its Original Answer verified pursuant to Tex.R.Civ.P. 93 in reply to Plaintiffs' Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Defendant denies that the following has occurred:

a.  that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.  that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.



EXHIBIT
1

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

3.

Pursuant to Tex.R.Civ.P. 93, Defendant Wellington Risk Insurance Agency, Inc. denies that it issued an insurance policy covering Plaintiffs' property on October 22, 2013.

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT WELLINGTON
RISK INSURANCE AGENCY, INC.

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 20th day of July, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Rodolfo Canche, Jr.
Law Office of Rodolfo Canche, Jr.
Email:  rudycanche@canchelaw.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

## VERIFICATION OF CLIFFORD NKEYASEN

THE STATE             §
                                      §
OF TEXAS              §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Clifford Nkeyasen, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Clifford Nkeyasen. I am an Authorized Agent for Wellington Risk Insurance Agency, Inc., am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraph 3 of Defendant's Original Answer and it is true and correct."

Further affiant sayeth not.

_____
Clifford Nkeyasen, Authorized Agent for
Wellington Risk Insurance Agency, Inc.

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the 2⁄ day of July, 2015, to witness my hand and official seal of office.

_____
Notary Public in and for
the State of Texas

CARI COOK FELKER
Notary Public, State of Texas
My Commission Expires
May 24, 2016

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

CAUSE NO. C-2555-15-E

| | | |
|---|---|---|
| ISRAEL GARCIA AND IRENE GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WELLINGTON RISK INSURANCE | § | |
| AGENCY, INC. | § | 275th JUDICIAL DISTRICT |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, WELLINGTON RISK INSURANCE AGENCY, INC., Defendant in the

above-referenced cause, and demands a trial by jury and hereby deposits its Thirty Dollars ($30) jury

fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
717 Everhart, Suite A
Corpus Christi, Texas 78411
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
    Thomas F. Nye
    State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT WELLINGTON RISK
INSURANCE AGENCY, INC.



EXHIBIT
2

Electronically Filed
7/20/2015 10:32:28 AM
Hidalgo County District Clerks
Reviewed By: Joseph Gonzalez

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 20th day of July, 2015, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiffs*
Rodolfo Canche, Jr.
Law Office of Rodolfo Canche, Jr.
Email: rudycanche@canchelaw.com

**VIA E-FILING**

Thomas F. Nye
_____
Thomas F. Nye

CAUSE NO. C-2555-15-E

| ISRAEL GARCIA AND IRENE GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| WELLINGTON RISK INSURANCE | § | |
| AGENCY, INC. | § | 275th JUDICIAL DISTRICT |

## PILLAR INSURANCE COMPANY'S PETITION IN INTERVENTION

Intervenor, Pillar Insurance Company (hereinafter "Acceptance"), files this petition in intervention as a party-defendant.

I.

Pillar is an insurance company that is incorporated and has its principal place of business in Florida. Accordingly, Pillar is a citizen of the State of Florida. Pillar conducts business, including the issuance of homeowners insurance policies, in Hidalgo County, Texas.

II.

Plaintiffs, Israel and Irene Garcia, reside in Hidalgo County, Texas. A copy of this petition will be forwarded to Rodolfo Canche, Jr., attorney of record for Plaintiffs, via e-filing, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

III.

Defendant, Wellington Risk Insurance Agency Inc. (hereinafter "Wellington"), a Texas Corporation, has appeared and answered. Wellington is represented by the undersigned

IV.

On June 19, 2015, Plaintiffs sued Wellington for negligence, negligent hiring, negligent misrepresentation, breach of contract, unfair settlement practices under Chapter 541 of the



Texas Insurance Code, violations of the DTPA, and other grounds related to an insurance claim made by Plaintiffs. Wellington filed an answer asserting, among other things, that Wellington did not issue an insurance policy covering Plaintiffs' property at the time of the incident in question.

Intervenor's Defenses

V.

Plaintiffs allege that Wellington issued a policy covering Plaintiffs' property at the time of the incident made the basis of this lawsuit. However, Wellington did not issue a policy for Plaintiffs' property. The insurance policy in effect at the time of the incident made the basis of this lawsuit was issued by Pillar.

VI.

Accordingly, Wellington is an improper party to the lawsuit. The proper Defendant should be Pillar Insurance Company. Because Pillar has a present justiciable interest in the subject matter of this suit—i.e, defense of the Plaintiffs' claims associated with the policy—it has standing to assert this Plea in Intervention.

VII.

Intervenor denies each and every material allegation contained in Plaintiffs' Petition, and says that the same are not true, in whole or in part, and demands strict proof thereof.

VIII.

Pleading further, Intervenor asserts that it is entitled to a reduction, an offset, or a bar to any recovery by Plaintiffs as set out in Section 33.001 et seq. of the Texas Civil Practice and Remedies Code and other contribution and indemnity plans under the laws of the State of Texas.

2

IX.

Pleading further and without waiver of the above, Intervenor denies the occurrence of all conditions precedent to Plaintiffs' claim. Without limiting the foregoing, Intervenor denies that the following has occurred:

a.     that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiffs bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and

b.     that Plaintiffs have provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

X.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiffs includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against insurance company. Insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Insurance company has not waived and is not waiving this provision and may assert it in the future.

3

XI.

In addition, with regards to any claims against Intervenor for exemplary damages, Intervenor would show that the legal and factual elements necessary to impute any exemplary damages to Intervenor do not exist.

XII.

Intervenor would show unto the Court that exemplary damages are not recoverable against them for failure of the Plaintiffs to satisfy the vice principal test.

XIII.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Intervenor hereby gives actual notice to Plaintiffs that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenor prays that upon final hearing hereof, that Plaintiffs not recover against Intervenor and that Intervenor go hence with its costs without day and for such other and further relief, at law or in equity, to which Intervenor may justly show itself entitled to receive.

Respectfully submitted,
Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier


By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier

Attorneys for Intervenor Pillar Insurance
Company


## CERTIFICATE OF SERVICE

I certify that on October 26, 2015, a copy of Defendant/Intervenor Pillar Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiffs, Israel Garcia and Irene Garcia.

*Attorneys for Plaintiff*
Rodolfo Canche, Jr.
Law Office of Rodolfo Canche, Jr.
320 Lindberg Avenue
McAllen, Texas 78501
Tel: (956) 377-0187
Fax: (956) 750-7060
Email: rudycanche@canchelaw.com


**VIA E-FILING**


_____ /s/ Thomas F. Nye _____

5